**CARPENTERS DISTRICT COUNCIL OF MAHONING AND TRUMBULL COUNTIES, OHIO AND MERCER COUNTY, PENNSYLVANIA, et al., Plaintiffs-Appellants,**

v.

**UNITED CONTRACTORS ASSOCIATION OF OHIO, INC., et al., Defendants-Appellees.**

No. 72–2209.

United States Court of Appeals,
Sixth Circuit.

Argued April 9, 1973.

Decided Sept. 14, 1973.

Eugene Green, Green, Schiavoni, Murphy & Haines, Youngstown, Ohio, on brief, for plaintiffs-appellants.

Eldon S. Wright, Louis M. Davies, Youngstown, Ohio, Burton C. Duerring, Pittsburgh, Pa., Stephen J. Knerly, Cleveland, Ohio, for defendants-appellees; Jay Tims, Harrington, Huxley & Smith, Youngstown, Ohio, on brief.

Before WEICK and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

The plaintiffs herein appeal from an order of the United States District Court for the Northern District of Ohio, Eastern Division, dismissing their petition.

The plaintiffs are Carpenters District Council of Mahoning and Trumbull Counties, Ohio and Mercer County, Pennsylvania, a labor organization composed of labor unions on whose behalf it represents carpenters in the building construction trades in the states of Ohio

and Pennsylvania for collective bargaining purposes and ten other local labor unions affiliated with AFL–CIO.

The action is against sixty-one defendants including United Contractors Association of Ohio, Inc., and Associated Trades and Crafts. It is alleged that the United Contractors Association, is an Ohio corporation purporting to represent, for trade association and collective bargaining purposes, employers engaged in the construction industry in the states of Ohio and Pennsylvania. Associated Trades and Crafts is International Construction Union Local No. 1 and Local No. 2. It is alleged that it purports to represent, for collective bargaining purposes, employees employed in the construction industry in Ohio and Pennsylvania.

Three of the named defendants are trustees of the United Contractors Association, four are officers of the Associated Trades and Crafts International Construction Union and one is Business Agent of the Trades and Crafts Union. Other defendants are individuals and firms, members of the United Contractors Association.

The thrust of the complaint is that the defendant individuals have entered into a conspiracy and created combinations for the purpose of restraining trade and interstate commerce and eliminating competition in the construction industry, with the object of preventing the plaintiff unions from representing, for collective bargaining purposes, the employees of the individual defendant employers. Briefly stated, it is charged that the conspiracy is accomplished by the individual defendants organizing the Defendant United Contractors Association of Ohio, Inc., and the Defendant Associated Trades and Crafts International Construction Union.

The purpose of the Contractors Association is to act as bargaining representative of its members. It is alleged that the Associated Trades and Craft Union purports to be a labor organization for employees employed in the construction industry. Funds to support this Union are supplied by the employers in the guise of dues for the employees who are compelled by the employers to become and maintain membership in the Union. It is further claimed that a sham collective bargaining agreement was executed between the Contractors Association and the Union. A distinctive feature of these organizations is that membership in the Contractors Association automatically entitles its members to membership in the Trades and Craft Union. Thus through this dual membership the individual defendant employers are able to control the activities of both organizations. The plaintiffs conclude that these arrangements are combinations in restraint of trade in violation of the Sherman and Clayton Anti-trust Acts.

The defendant Associated Trades and Crafts International Construction Union moved to dismiss the petition on the grounds that the defendants were immune from prosecution under federal anti-trust laws.

"Nothing contained in the antitrust laws shall be construed to forbid the existence and operation of labor, * * * organizations, instituted for the purposes of mutual help, * * *." Sec. 17, Title 15, U.S.C. (See also Secs. 52 and 102, Title 29, U.S.C.) And that all allegations of the complaint allege violations of the Labor Management Relations Act.

At the time this case was pending in the District Court a similar case was pending in the United States District Court for the Western District of Pennsylvania. The district judge sustained defendants' motions to dismiss. International Association of H. & F. I. & A. W. v. United Contractors Association, 331 F.Supp. 1298. The district judge of the Northern District of Ohio likewise sustained a motion to dismiss on authority of the opinion of the district judge in the above entitled case. The Court of Appeals for the Third Circuit vacated the order of the District Court and remanded the case with instructions to certify labor issues to the Labor Board. Upon receiving a finding of facts from

the Labor Board the District Court would proceed to determine the anti-trust issues. International Association of Heat and Frost Insulators and Asbestos Workers, etc., et al., appellants v. United Contractors Association, Inc. of Pittsburgh, Pennsylvania, a corporation, and Associated Trades and Crafts Union, appellees. 483 F.2d 384, 3rd Cir. 1973.

Two issues are presented. Do the charges made by the appellants constitute unfair labor practices subject to the primary jurisdiction of the National Labor Relations Board or alternatively are the defendants entitled to the immunity of labor organizations from the antitrust laws?

The District Court in Pennsylvania held that its jurisdiction to entertain the action was not preempted by the primary jurisdiction of the National Labor Relations Board and it proceeded to determine whether the activities of the association and the Trades and Craft Union were immune from antitrust attack. The district judge said:

"Notwithstanding the bold conclusion that competition in the construction industry of Western Pennsylvania is adversely affected by the instant collective bargaining agreement (competition in which the plaintiffs, in any event, · have no justiciable interest), the plaintiffs in this case allege no facts which would even remotely taint the immunity provided the defendant Associated Trades from the antitrust laws. By § 6 of the Clayton Act, the existence of Associated Trades is expressly insulated from the anti-trust laws. \* \* \*" 331 F.Supp. 1298, 1301.

■ We consider first whether the defendants in the case before us are entitled to this immunity.

At the threshold we are met with the distinction in the relationship between the defendants in this case and the usual relationship between unions and employer organizations where they deal at arm's length with each other. Here, membership in the association automatically makes a member a member of Trades and Crafts Union. Trades and Crafts is supported by funds of the employer association and the employees are compelled to join the Trades and Crafts Union.

It would seem obvious that the employers under such circumstances are independent contractors and that any purported collective bargaining agreement between them and their employees would be a sham, as alleged. We consider that a so-called union formed and dominated by the contractors as Trades and Crafts is in this case cannot be a bona fide union entitled to the immunity of the antitrust laws. We must assume that the employers as independent contractors had some gainful purpose in mind in forming such a hybrid union. Either they expected to restrain competition with other contractors who had legitimate collective bargaining agreements with the regular trades unions or they were competing with those unions to keep their employees from becoming members and thus maintain lower wages.

We consider that a cause of action is stated and that the court should try the issues and determine what effect, if any, these defendant organizations have on trade, interstate commerce and competition and whether the antitrust laws are violated. In Allen Bradley v. Union, 325 U.S. 797, 809, 65 S.Ct. 1533, 1540, 89 L. Ed. 1939 the Court said,

"But when the unions participated with a combination of businessmen who had complete power to eliminate all competition among themselves and to prevent all competition from others, a situation was created not included within the exemptions of the Clayton and Norris-LaGuardia Acts."

See also Mine Workers v. Pennington, 381 U.S. 657, 663, 85 S.Ct. 1585, 1589,

14 L.Ed.2d 626, where the Court held that collective bargaining agreements may violate the antitrust laws,

" * * * even though the mechanism for effectuating the purpose of the combination was an agreement on wages, * * * "

Reference is hereby made to the opinion of the Third Circuit in the case cited above for a full discussion of the related issues and supporting citations. There the Court said on page 396 of 483 F.2d.

"Within a labor dispute a competition between unions is the concern of the Board, but where a case is made out that there is no labor dispute, or that the labor group is not immune, there is no reason to hold that a union is any different from any other economic unit in its rights to be protected from illegal restraints on its freedom to compete."

We turn now to a consideration of whether there are issues which constitute unfair labor practices subject to the primary jurisdiction of the National Labor Relations Board.

In Allen Bradley Co. v. Union, 325 U. S. 797, 806, 65 S.Ct. 1533, 1538, 89 L.Ed. 1939, the Court said,

"The result of all this" (the antitrust laws and the labor laws, United States v. Hutcheson, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788) "is that we have two declared congressional policies which it is our responsibility to try to reconcile. The one seeks to preserve a competitive business economy; the other to preserve the rights of labor to organize to better its conditions through the agency of collective bargaining. We must determine here how far Congress intended activities under one of these policies to neutralize the results envisioned by the other."

In United States v. Western Pac. R. Co., 352 U.S. 59, 63–64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126, the Court said,

"The doctrine of primary jurisdiction, * * * applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; *in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.*" Emphasis added. See also, Far East Conf. v. United States, 342 U.S. 570, 574, 72 S.Ct. 492, 96 L.Ed. 576; U. S. v. Philadelphia Natl. Bank, 374 U.S. 321, 353, 83 S.Ct. 1715, 10 L.Ed.2d 915; Meat Cutters v. Jewel Tea, 381 U.S. 676, 684–685, 85 S.Ct. 1596, 14 L.Ed. 2d 640.

Pertinent allegations of the complaint charging conspiracy in restraint of trade are:

1) The defendant individuals organized the United Contractors Association with color of authority to act as bargaining representative of its members.

2) The individual defendants organized and/or supported the Associated Trades and Crafts International Construction Union, which purports to be a labor organization for employees employed in the construction industry.

3) A sham collective bargaining agreement was executed between the Contractors Association and the Trades and Crafts Union, the purpose of which agreements were:

    (a) To permit the Defendant employers to conduct their busi-

ness activities free from any interference by the Plaintiffs;

(b) To use the agreement as a bar to any and all organizational and representation efforts undertaken by the Plaintiffs;

(c) To prevent their employees from becoming members of the Plaintiff Unions;

(d) To eliminate competition of businesses operating under the terms of bona fide collective bargaining agreements.

4) Membership in the Contractors Association automatically entitles an employer to membership in the Trades and Craft Union permitting the defendant employers to control the activities of each organization in order to maintain competitive advantages over other contractors and to destroy competition in the construction industry.

These allegations if proven would constitute unfair labor practices. The complaint in the case before us is practically identical with the complaint in the above cited case before the Third Circuit. The Third Circuit concluded that under similar allegations of fact the doctrine of primary jurisdiction was applicable. We likewise conclude that it is applicable in the instant case. Reference is hereby made to the opinion of the Third Circuit beginning with page 397 of 483 F.2d.

The case will be remanded to the District Court with instructions to certify all labor issues to the National Labor Relations Board. The Board will return to the District Court findings of fact and conclusions of law on those issues. The District Court will stay further proceedings pending determination by the Board. After the Board certifies its findings and conclusions to the court it will proceed to decide the antitrust issues.

The order of the District Court is vacated and the cause remanded for further proceedings consistent with this opinion.